This case is presented to the court pursuant to 41 U.S.C. §§ 321, 322 (1976), the Wunderlich Act. Plaintiff seeks summary judgment in contesting the final decision of the Armed Services Board of Contract Appeals ( asbca ) in Mel Williamson, Inc., asbca No. 22983, 80-2 BCA ¶ 14,631 (1980). Defendant has filed a cross-motion for summary *847 judgment. We allow defendant’s motion and affirm the ASBCA.
The contract, No. F04609-77-90133, was executed by plaintiff and the United States Department of the Air Force (defendant) on September 22, 1977. Under this contract defendant agreed to pay plaintiff for certain repair work and installation of fire detection systems in several buildings located at George Air Force Base, California. Only item 2 of three items of the contract is in dispute before the court. This item involves the repairs for four buildings. A modified completion deadline for this work was set for March 30, 1978. On March 31 1978, defendant issued a show-cause notice for default termination on item 2, citing 11 violations of the contract. Correspondence and a conference followed and defendant extended the deadline to May 18, 1978. The work wa not completed by that date and on May 19, 1978, defendant issued a notice of termination for default, giving six reasons therefor.
Plaintiff appealed the termination to the asbca, which, in a detailed 27-page printed decision with findings, cited above, agreed to by six administrative judges, ruled on 13 separate issues relating to the six charges set forth in the termination notice, and concluded that, while plaintiff was entitled to prevail on some of those issues, those issues on which defendant prevailed were sufficient to sustain the termination for default. Further, liquidated damages in the sum of $8,272 were assessed against plaintiff. It is our responsibility to determine, under the Wunderlich Act standards, whether the asbca decision is correct as a matter of law and whether the board’s findings and conclusions are supported by substantial evidence and are final or whether they are arbitrary, capricious, or in bad faith and must be set aside. Plaintiffs burden here is substantial. It must convince the court that either there was no evidence to support the asbca’s findings or that the evidence contrary to those findings is so overwhelming or so detracts from that in support of the findings as to render the decision less than substantial on the record as a whole. Marley v. United States, 191 Ct. Cl. 205, 214, 423 F.2d 324, 329 (1970); Dean Constr. Co. v. United States, 188 Ct. Cl. 62, 67-68, 411 F.2d 1238, 1241 (1969). Plaintiff now contends that four findings *848 and conclusions of the asbca are unsupported by substantial evidence. We consider those findings and conclusions in the order in which they are named.

Removal of Asbestos Siding (Finding D)

It is undisputed that the contract required plaintiff to install new exterior siding over existing asbestos siding, that this did not prove feasible, that defendant agreed the old siding would have to be removed, that plaintiff agreed to do this without cost, that plaintiff did remove the old siding which took 2 or 3 weeks and then properly applied the new siding. Plaintiff now says that the delay was excusable and a contract extra ordered by defendant. The record does not show that plaintiff requested a time extension or compensation for extra work at the time. Before the asbca plaintiff sought a time extension for excusable delay but did not seek extra funds for the work. The board did not grant any time extension. It said: "Appellant has presented no evidence indicating to what extent, if any, its overall contract performance was delayed by the task of removing the old asbestos siding.” As we understand it, the plaintiff makes the same argument to the court that it made to the board which found plaintiff had not sustained its burden of proof on this matter. Plaintiff argues that it is self-evident the delay was excusable and a time extension should have been granted because the siding was early in the rehabilitation work called for by the contract and had to be completed before interior work began. This argument appears in the transcript. Argument is not fact. On this matter we must sustain the factfinder. No basis for reversal under Wunder-lich Act standards has been shown. Jefferson Constr. Co. v. United States, 177 Ct. Cl. 581, 368 F.2d 247 (1966).

Carpet Installation (Finding F)

The contract required plaintiff to install carpeting over the existing floor tile. Plaintiff was advised by his flooring subcontractor that the existing tile did not have a solid bond to the existing subfloor which was rotted. The subcontractor stated that for this reason he could not *849 guarantee his work. On March 15, 1978, plaintiff wrote the contract administrator about this problem and requested instructions before the work proceeded. The next day the contracting officer advised plaintiff that his failure to acquaint himself with the site conditions did not relieve him from properly estimating the difficulty or cost of successfully performing the work in a skillful and workmanlike manner and that he should go ahead and complete the contract pursuant to the specifications, as he had agreed to do. Five days later plaintiff advised his subcontractor to proceed. Plaintiff claims he was delayed 3 weeks, but there is no evidence that this is so. The asbca found:
7. Carpeting was to be one of the last items of work performed. (Citation omitted.) It would not be installed until the painting had been completed. Appellant was not ready to install carpeting until late April and that was when the carpeting was in fact installed so that there was no delay to appellant’s overall contract performance from difficulties arising from the condition of the flooring and subflooring. (Citation omitted.) [80-2 BCA at 72,168.]
The board denied plaintiffs claim for additional compensation for an extra involving the carpets and any delay attributable to their installation. Plaintiff did not replace any subflooring or perform any additional work. The carpet was installed prior to the revised deadline for completion of item 2. Thus, the board properly concluded that the evidence did not indicate that if plaintiff encountered any problems relating to the carpeting that they delayed completion of the overall project.

Warped Wardrobe Doors (Finding H)

The contract drawings provided for wardrobes in each room. These wardrobes were double cabinets, floor to ceiling in height. They were separated by a 2-foot space where there was a counter and a mirror above it. Each cabinet had double wood doors 1-inch thick. Defendant required plaintiff to eliminate the 2-foot space and to widen the cabinets and their doors. Defendant ignored warnings that this would probably cause the doors to warp, which they did. Plaintiff had recommended thicker doors. They *850 were later furnished by another contractor who did so as the representative of plaintiffs bonding company.
Defendant threatened to terminate plaintiffs contract for faulty workmanship. The asbca found that this would have been improper and remanded the claim to the contracting officer for negotiation of an equitable adjustment for the extra costs. The board concluded that, while no valid ground for default existed on this matter, it did not contribute to plaintiffs overall delay and was irrelevant to plaintiffs failure to perform.
Plaintiff argues that there is no evidence in the record to support the board’s findings that plaintiff was not delayed 10 days in completing the project by the problem with the doors. Plaintiff misses the point here. It was up to plaintiff to produce evidence that it was delayed for this reason. Plaintiff does not point us to any such evidence in the record. We sustain the board’s finding.

Delay in Delivery of Door Hardware (Finding H)

The contract did not provide what make of locks was to be used on the barracks doors but defendant instructed that Schlage brand locks be used. Plaintiffs subcontractor originally informed plaintiff that they would be furnished in December 1977 or January 1978. In January, however, plaintiff was informed that the lock hardware would not be available until late in April. Plaintiff says that since providing door hardware was part of the contract and since delivery of it was delayed, it is plain that plaintiff was delayed 90 days in completing the contract. Plaintiff says, therefore, this is an excusable delay, but that plaintiff was not granted a time extension for the delay.
The board ruled that for the delay to be excusable it would not only have had to be the result of causes beyond plaintiffs control and without its fault or negligence, but that the same would apply to its supplier or subcontractor. The board said plaintiff had not established that its supplier or subcontractor was free of fault or negligence, but that in fact plaintiff had characterized their operation as "the craziest hardware arrangement I ever saw in my life.” The board further stated in its decision:
*851 [A]ppellant has not established that the delay in receiving the door hardware contributed to the overall delay in completion of the buildings. The locks did not affect any of the other construction, but only, perhaps, the security of the buildings by permitting them to be locked when work was not in process. However, in this connection, appellant was permitted to install temporary substitute hardware so that the buildings could be locked. [80-2 BCA at 72,175.]
Once again, plaintiff has failed to point to any record evidence demonstrating that the delay in getting door hardware caused delay in the overall contract performance. It has also failed to show that the delay was not the product of fault or negligence of its supplier or subcontractor. The board’s decision must be sustained on this finding.
Errors of Law
The asbca decision is challenged by plaintiff as legally erroneous in 12 particulars:

*852

It will be seen at once from the above recitation that what plaintiff is actually doing is challenging the evidence on which the board based its rulings in these matters. Plaintiff thinks that evidence was not substantial. Some of the 12 items overlap those findings of fact heretofore discusssed. It would serve no useful purpose to discuss each of the 12 above allegations since we find them to be without merit either as claims of legal error or challenges based on the evidence. The board carefully considered each contention and wrote an extensive decision which has been published. Since we agree with it, there is no need to repeat it. We reject these 12 challenges for failing to show the defects required by the Wunderlich Act for reversal of the administrative decision. Such delay as occurred here has not been shown to have caused any significant delay in the overall progress of the contract. Plaintiff has not met its burden of proof in this regard. The court has rejected the "'total time’ theory” of proving delay. Law v. United States, 195 Ct. Cl. 370, 382 (1971). Plaintiff claims it suffered 200 days of delay which are excusable. The record does not support this allegation. Plaintiffs own allegation elsewhere in its brief claims that, at the time of termination, plaintiff was only 30 to 60 days from completion of the project.
As noted earlier, the May 19, 1978 termination notice listed six reasons for termination:
1. Failure to complete item 2 within the time specified.
2. Failure to provide acceptable wardrobe units.
3. Failure to produce acceptable exterior siding installation.
4. Failure to keep a competent superintendent on the jobsite at all times.
5. Failure to perform the work in a skillful and workmanlike manner.
6. Failure to maintain an inspection system.
The asbca, upon painstaking consideration of the factual record, ruled in favor of defendant on charges 1, 4, and 5 and merged charge 6 into No. 5. Plaintiff does not even dispute charges 4 and 5. These charges are sufficient to *853 support the board decision sustaining the termination, plaintiff having prevailed only on charges 2 and 3. As to these two charges, we have shown, and the board has found, that the claims for time extensions thereunder are irrelevant to the propriety of the default termination.
it is therefore ordered that plaintiffs motion for summary judgment is denied. Defendant’s cross-motion for summary judgment is allowed. The asbca decision is affirmed in all particulars and is final and binding on plaintiff. The petition is dismissed.